UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GILBERT POOLE,

          Plaintiff,                Case No. 4:23-cv-11221

v.                          District Judge Shalina D. Kumar
                                  Magistrate Judge Anthony P. Patti

CITY OF PONTIAC, *et al*.,

          Defendants.

_____/

## ORDER GRANTING IN PART and DENYING IN PART DEFENDANT SERNA'S MOTION TO COMPEL SUFFICIENT ANSWERS (ECF No. 78)

**A.     Background**

On June 6, 1989, Gilbert Poole was convicted of first degree murder.  After spending over 31 years in prison, he was completely exonerated on May 26, 2021. (ECF No. 1, PageID.2.)  In May 2023, Poole filed this eleven-count complaint against the City of Pontiac, two of its officers, Oakland County, three prosecuting attorneys, a Michigan State Police laboratory scientist, and an expert forensic odontologist.  (*Id*., ¶¶ 13-21; *see also* ECF No. 29.)

Following the February 2024 dismissal of Defendants City of Pontiac and Oakland County (ECF No. 54), the case proceeds against the seven individual Defendants, some of whom have been substituted for personal representatives (ECF Nos. 42, 50, 53).

1

**B.**     **Pending Motion**

Defendant Estate of Officer Santiago Serna served discovery requests on May 13, 2024 (ECF No. 78-2), Plaintiff answered and responded on June 26, 2024 (ECF No. 78-3), and Plaintiff supplemented answers and responses on January 8, 2025 (ECF No. 78-6).

Currently before the Court is Serna's January 31, 2025 motion to compel sufficient answers (ECF No. 78), as to which Plaintiff has filed a response (ECF No. 81), Serna has filed a reply (ECF No. 83), and the relevant parties have filed a joint statement of unresolved discovery issues (ECF No. 85).  On March 7, 2025, the Court conducted a hearing, at which Attorneys Kevin C. Riddle (Plaintiff), David D. Burress and Ben Wright (City of Pontiac Defendants), and Layla Rose Sizemore (Oakland County Defendants) appeared.  (ECF No. 82.)

**C.**     **Order**

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Serna's January 31, 2025 motion to compel sufficient answers (ECF No. 78), as narrowed by the joint statement of unresolved discovery issues (ECF No. 85), is **GRANTED IN PART** and **DENIED IN PART** as follows:

- As for Serna's argument that "any objections to Defendants' [sic] discovery requests were waived," (ECF No. 78,

2

PageID.795-796), the motion is **DENIED**, *inter alia*, for the reasons stated in Plaintiff's response (ECF No. 81, PageID.912), the Court finding good cause for the delay, a lack of prejudice to Defendant Serna, and that it would be inequitable to find a waiver here.

- As to Defendant's **Interrogatory No. 1**, which concerns prior police investigations, arrests, indictments, or convictions (ECF No. 85, PageID.977-979), the Court is satisfied that the information requested is relevant to this case (*e.g.*, liability and/or damages), not privileged, and proportional. Accordingly, the objections are **OVERRULED**, the motion is **GRANTED**, and Plaintiff **SHALL** supplement the response (ECF No. 78-6, PageID.836-837), based on his knowledge and under oath.

- As to Defendant's **Request for Production No. 8**, which concerns an electronic copy of his social media account information (*id.*, PageID.980-983), the objections are **OVERRULED**, other than the overbreadth objection, which is **SUSTAINED IN PART**, because some Facebook information is relevant to damages and proportional to the needs of this case. Accordingly, the motion is **GRANTED IN PART**, and, consistent with the Court's direction from the bench, Plaintiff **SHALL** supplement the response (ECF No. 78-6, PageID.853-854) to include information from his two Facebook accounts, although limited to the following folders: **(a)** comments; **(b)** events; **(c)** friends (names only); **(d)** groups; **(e)** likes & reactions; **(f)** photos and videos; **(g)** posts; **(h)** profile information (public only); **(i)** stories; and, **(j)** your places. The Court is satisfied that this information is proportional to this case and the damages claim made. Any download by a technical advisor shall be preserved for later use, if necessary. If Plaintiff and his counsel are unable to retrieve the information and data listed above, Plaintiff's electronic devices will have to be made available for review and extraction of data by Defendant's technical expert.

- As for the demonstrative list of Facebook folders used during the hearing, Serna **SHALL** file it as supplement to the motion (ECF No. 78).

- As to Defendant's **Interrogatory No. 10**, which concerns (i) the names and contact information for individuals that Plaintiff has spoken to about the events that form the basis of this lawsuit while he was incarcerated, along with (ii) the medium of communication and (iii) the substance of their discussions (*id.*, PageID.983-985), the objections are **SUSTAINED** as overbroad and unduly burdensome, the motion is **DENIED**, and Plaintiff **NEED NOT** supplement the response (ECF No. 78-6, PageID.846-847).

Any action ordered herein **SHALL** be completed no later than **March 14, 2025**.

Finally, to the extent Serna sought an award of costs for the necessity of bringing this motion (ECF No. 78, PageID.803-804), the motion is **DENIED**, as neither party prevailed in full.  Fed. R. Civ. P. 37(a)(5).[1]

**IT IS SO ORDERED.**[2]

Dated:  March 7, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] During the hearing, Plaintiff's counsel mentioned a forthcoming motion for protective order regarding a deposition notice.  Although counsel represented that there has already been an attempt at concurrence, the relevant parties are required to engage in another face-to-face (either in person or by video) meet and confer for no less than thirty (30) minutes before filing the anticipated motion for protective order regarding the notice of deposition.

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).