UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GILBERT POOLE,

        Plaintiff,

v.

CITY OF PONTIAC, *et al.*,

        Defendants.

_____/

Case No. 4:23-cv-11221

District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**<u>ORDER GRANTING IN PART & DENYING IN PART:  (1) DEFENDANT JACKSON'S MOTION FOR PROTECTIVE ORDER (ECF No. 96); and, (2) DEFENDANTS FINDLING AND SERNA'S MOTION FOR PROTECTIVE ORDER TO RESUME DEPOSITION AND FOR COSTS (ECF No. 100)</u>**

**A.      Background**

On June 6, 1989, Gilbert Poole was convicted of first degree murder. After spending over 31 years in prison, he was completely exonerated on May 26, 2021, when charges were dismissed. (ECF No. 1, PageID.2; *id*., PageID.43 ¶¶ 152, 170.) In May 2023, Poole filed this eleven-count complaint against the City of Pontiac, two of its officers (Serna & Mathes, collectively "Pontiac Defendants"), Oakland County, three prosecuting attorneys (Thompson, Spiekerman, Rohtbart, collectively "Oakland County Defendants"), a Michigan State Police laboratory scientist (Jackson), and an expert forensic odontologist (Warnick). (*Id*., ¶¶ 13-21; *see also* ECF No. 29.)

1

Following the February 2024 dismissal of Defendants City of Pontiac and Oakland County (ECF No. 54), the case proceeds against the seven individual Defendants, some of whom have been substituted for personal representatives (ECF Nos. 42, 50, 53).

**B.     Pending Motions**

Judge Kumar has referred this case for discovery.  (ECF No. 67.)  Currently before the Court are two related motions, each of which concerns Plaintiff's June 4, 2025 deposition:  (1) Defendant Melinda Jackson's June 10, 2025 motion for a protective order pursuant to Fed. R. Civ. P. 30 (ECF No. 96), as to which there has been further briefing (see ECF Nos. 97, 98, 99, 101, 102, 104); and, (2) the Pontiac Defendants' June 19, 2025 counter-motion to resume deposition and for costs (ECF No. 100), as to which there has been further briefing (see ECF Nos. 110, 111, 112, 113).  The parties have filed joint statements of unresolved issues.  (ECF Nos. 107, 117, 119.)

On August 22, 2025, the Court conducted an in-person hearing, at which Attorneys Kevin C. Riddle (Plaintiff), David D. Burress (Pontiac Defendants), Robert C. Clark (Oakland County Defendants), and Mary A. Waddell (Defendant

2

Jackson) appeared.  (ECF Nos. 109, 116, 123.)[1]  Following a brief recess, the Court issued its ruling from the bench.

**C.     Order**

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Defendant Jackson's motion (ECF No. 96) and the Pontiac Defendants' counter-motion (ECF No. 100) are **GRANTED IN PART** and **DENIED IN PART**, namely, the Court concludes that an extension of the 7-hour time limit for depositions is warranted under Fed. R. Civ. P. 7(d)(1), but only for an additional 1.5 hours, *i.e.*, 8.5 hours total.  Considering the Pontiac Defendants' counsel's representation that he has already used 4.5 hours, Plaintiff Poole's deposition **SHALL** resume but only for a maximum of 4 hours total, with that time divided as follows:

- A maximum of 0.5 hours for Plaintiff;
- A maximum of 1 hour for the Oakland County Defendants;
- A maximum of 1 hour for State of Michigan Defendant Jackson; and,

---

[1] Attorney Stuart Goldstein did not appear for Defendant Warnick, although he was not expected to do so.

- A maximum of 1.5 hours – *in addition to the 4.5 they have already used* – for the Pontiac Defendants, although they may not ask any further questions about life in prison or tickets in prison, but may ask about medical and psychological records and issues in prison.

Any time remaining by any of these parties may be reserved through one rebuttal round, although remaining time may not be relinquished to another party.

Finally, to the extent any of the movants or respondents sought an award of reasonable expenses associated with the motions at bar (*see*, *e.g.*, ECF No. 100, PageID.1769-1771), the motions are **DENIED**, as no party prevailed in full on either motion. Fed. R. Civ. P. 37(a)(5); Fed. R. Civ. P. 30(d)(2).

**IT IS SO ORDERED.**[2]

Dated: August 22, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).